Christopher J. Merrick
Timothy L. Frey
**KEENAN COHEN & MERRICK PC**
125 Coulter Avenue, Suite 1000
Ardmore, PA 19003
Telephone:	215-609-1110
Facsimile:	215-609-1117
Email:	cmerrick@freightlaw.net
Email:	tfrey@freightlaw.net

*Attorneys for Norfolk Southern Railway Co.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| **Norfolk Southern Railway Company**<br>Three Commercial Place<br>Norfolk, VA 23510<br>**Plaintiff,**<br><br>V.<br><br>**Port Elizabeth Terminal & Warehouse Corp. d/b/a The Judge Organization Logistics Services**<br>201A Export Street<br>Port Newark, NJ 07114<br>**Defendant.** | **CASE NO**: |

## **COMPLAINT**

Plaintiff, Norfolk Southern Railway Company ("Norfolk Southern), by and through its attorneys, files this Complaint against defendant, Port Elizabeth Terminal & Warehouse Corp. d/b/a The Judge Organization Logistics Services ("Port Elizabeth"), and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, Norfolk Southern is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Norfolk, Virginia.

2. Norfolk Southern operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

3. Port Elizabeth is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Port Newark, New Jersey.

4. The Judge Organization Logistics Services is a fictitious name registered to Port Elizabeth under the laws of the Commonwealth of Pennsylvania.

## JURISDICTION

5. Jurisdiction is based upon 28 U.S.C § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. §§ 10101 *et seq.*, and pursuant to 28 U.S.C. 1367(a) this Court has supplemental, pendant, and ancillary jurisdiction over this matter.

6. In the alternative, jurisdiction is also based upon 28 U.S.C § 1332 as the plaintiff and defendant are citizens of different states, and the amount at issue exceeds jurisdictional requirements.

## VENUE

7. Venue properly lies in this district pursuant to 28 USC § 1391(b) because the defendant resides in and/or is subject to personal jurisdiction in this judicial district, and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred this judicial district.

## COUNT I
**Failure to Pay Demurrage Charges**

8. Pursuant to 49 U.S.C. § 10746, Norfolk Southern established rules related to the assessment and computation of rail car demurrage charges.

9. The rules which set forth the manner in which demurrage charges are accrued and assessed are set out in Norfolk Southern's tariffs, which are public tariffs posted on the internet.

10. Norfolk Southern and Port Elizabeth, signing as The Judge Organization, incorporated the terms of the NS 6004-series tariffs into a private transportation contract (the "Agreement").

11. The Agreement modified the number of allowed credits granted for unloading rail cars under Norfolk Southern's tariffs, but the Agreement expired on June 30, 2015.

12. Pursuant to the terms of Norfolk Southern's rail car demurrage tariffs and the Agreement, Norfolk Southern released rail cars into Port Elizabeth's possession, and Port Elizabeth accepted delivery of said rail cars, in or about Port Newark, New Jersey.

13. Port Elizabeth failed to return possession of the rail cars to Norfolk Southern within the allotted "free time" applicable under the Agreement or Norfolk Southern's demurrage tariffs.

14. As a result, Port Elizabeth accrued loading and unloading demurrage charges.

15. Norfolk Southern complied with all conditions precedent as established by applicable law and Norfolk Southern's demurrage tariff, NS 6004, in effect at the respective times that Norfolk Southern assessed demurrage charges to Port Elizabeth.

16. Norfolk Southern submitted invoices to Port Elizabeth, and/or its respective employees, agents, or representatives, for the demurrage charges which accrued for shipments delivered to Port Elizabeth in or about Port Newark, New Jersey.

17. The outstanding amount of demurrage charges accrued by Port Elizabeth, pursuant the Agreement and Norfolk Southern rail car demurrage tariffs, for rail cars delivered to Port Elizabeth in or about Port Newark, New Jersey between or about April 2015 and November 2015 totals $227,500.

18. Port Elizabeth has failed to pay Norfolk Southern the amount of demurrage charges invoiced by Norfolk Southern for the charges described above.

**WHEREFORE**, Plaintiff Norfolk Southern Railway Company respectfully demands that judgment be entered in its favor and against Port Elizabeth Terminal & Warehouse Corp. d/b/a The Judge Organization Logistics Services in an amount not less than $227,500, plus prejudgment interest and finance charges which accrue up until the time of trial, together with costs, attorneys' fees as required by Norfolk Southern's Conditions of Carriage and other tariffs, and such other relief as the Court may allow.

                      **KEENAN COHEN & MERRICK PC**

By:   /s/ Christopher J. Merrick
       Christopher J. Merrick
       Timothy L. Frey