**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP. d/b/a THE JUDGE ORGANIZATION LOGISTICS SERVICES<br><br>　　　　　　Defendant. | CASE NO.  2:17-cv-01819-SRC-CLW |

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S COMPLAINT**

Defendant Port Elizabeth Terminal & Warehouse Corp. d/b/a The Judge Organization Logistics Services (hereinafter referred to as "Defendant") hereby answers plaintiff's Complaint as follows:

**PARTIES**

1.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.　　Upon information and belief, Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.　　Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.　　Defendant admits the allegations contained in paragraph 4 of the Complaint.

**JURISDICTION**

5.　　Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.　　Defendant admits the allegations contained in paragraph 6 of the Complaint.

## VENUE

7. Defendant admits the allegations contained in paragraph 9 of the Complaint.

## CAUSE OF ACTION

### Failure to Pay Demurrage Charges

8. Defendant admits only that Plaintiff has established rules concerning its assessment and computation of rail car demurrage charges and denies any other allegation contained in paragraph 8 of the Complaint.

9. Defendant admits only that Plaintiff's rules govern how it calculates and seeks to assess demurrage charges and that this tariff is available on Plaintiff's website. Defendant denies any other allegation contained in paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegations of paragraph 10, except admits that it entered into a private transportation contract that was amended regularly (the "Agreement") with Norfolk Southern and refers to the Agreement for a complete statement of its terms.

11. Defendant denies the allegations of paragraph 11, except admits that it entered into the Agreement with Norfolk Southern and refers to the Agreement for a complete statement of its terms.

12. Defendant denies the allegations of paragraph 12, except admits that Norfolk Southern released certain rail cars into Port Elizabeth's possession and Port Elizabeth accepted delivery of certain rail cars.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

16. Defendant denies the allegations of paragraph 16, except admits that Norfolk Southern submitted invoices to Port Elizabeth.

17. Defendant denies that it is liable to Plaintiff for demurrage charges and therefore denies it had an obligation to pay the invoices submitted by Plaintiff.  Defendant denies any other allegation contained in paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies that it is liable to Plaintiff for demurrage charges and therefore denies it had an obligation to pay the invoices submitted by Plaintiff.  Defendant denies any other allegation contained in paragraph 18 of the Plaintiff's Complaint.

Any allegation not previously admitted, denied or otherwise responded to is hereby denied.

**WHEREFORE** Defendant prays that the complaint be dismissed, and that the Court award Defendant such other and further relief as is just or appropriate.

### DEFENDANT'S SEPARATE DEFENSES

### First Defense

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Defense

Some or all of the demurrage charges that Plaintiff seeks to recover are unreasonable pursuant to 49 U.S.C § 10702 and do not fulfill the purposes and requirements of 49 U.S.C. § 10746.

### Third Defense

The rules and/or practices pursuant to which Plaintiff seeks to compute, assess, and recover some or all of the demurrage charges in this case are unreasonable pursuant to 49 U.S.C. § 10702.

### Fourth Defense

Some or all of the demurrage charges that Plaintiff seeks to recover arise, in whole or in part, from delays or the inability to deliver railcars which were caused by or were the fault of Plaintiff.

### Fifth Defense

The rules and/or practices pursuant to which Plaintiff seeks to recover some or all of the demurrage charges in this case do not fulfill the purposes and requirements of 49 U.S.C. § 10746.

### Sixth Defense

The Plaintiff's assessment of demurrage charges was unlawful because its constructive placement of the cars was caused by unlawful actions of the Plaintiff.

### Seventh Defense

Plaintiff is not the proper party to seek collection of the demurrage charges described in this lawsuit.

### Eighth Defense

Any damage suffered by Plaintiff, which is hereby specifically denied, was caused by an intervening and/or superseding cause, and was not caused by the acts, omissions, or conduct of Defendant, or of any person for whom the Defendant is responsible.

### Ninth Defense

Some portion or all of the Plaintiff's claims are barred by the applicable statute of limitations.

### Tenth Defense

The demurrage charges sought in this case are inconsistent with the agreements and course of conduct between the parties.

        **PASHMAN STEIN WALDER HAYDEN**
        A Professional Corporation
        Court Plaza South
        21 Main Street – Suite 200
        Hackensack, NJ 07601
        (201) 488-8200
        *Attorneys for Defendant Port Elizabeth Terminal & Warehouse Corp. d/b/a The Judge Organization Logistics Services*

By:     /s/ Sean Mack
       SEAN MACK

Dated: May 2, 2017