NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | Civil Action No. 17-1819 (SRC) |
| Plaintiff, | OPINION |
| v. | |
| PORT ELIZABETH TERMINAL & WAREHOUSE CORP, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Plaintiff Norfolk Southern Railway Company ("Norfolk"). The motion has been opposed by Defendant Port Elizabeth Terminal & Warehouse Corp doing business as The Judge Organization Logistics Services ("Judge.") For the reasons stated below, the motion will be granted.

This case arises from a billing dispute between a railroad, Norfolk, and its customer, Judge, a transportation and warehousing company. At issue are charges for demurrage, a kind of fee for extended use of railway cars prior to final delivery, that allegedly accrued in 2015.[1]

---

1 "In general the principle underlying demurrage is quite simple. When a shipper utilizes a railcar, that shipper is taking up a railroad asset — the use of that railcar. As a result, a railroad has a right to set a reasonable time for a shipper to finish using that asset and return it to the railroad. If a shipper keeps the asset for too long, then it should compensate the railroad for the extended use of its railcar — in other words, for demurrage." Capitol Materials Inc.-Petition for Declaratory Order-Certain Rates & Practices of Norfolk S. Ry. Co., Fed. Carr. Cas. (CCH) ¶

Norfolk calculated demurrage charges for part of the period in question according to a contract, and, for the remainder of the period in question, pursuant to a published tariff, the NS 6004-D tariff (the "Tariff"). Norfolk moves for summary judgment on charges of $217,100.00.

Previously in this litigation, Norfolk had sought payment of demurrage charges totaling $227,500.00. For the purpose of this summary judgment motion only, Norfolk concedes that Judge is entitled to 98 credits (see Pl.'s Br. 6 n.2), leaving total demurrage charges at $217,100.00 (the "Disputed Charges.")[2] The charges accrued during the months of April, July, September, and October of 2015. The parties agree that, for many years, the rules for demurrage charges were set forth in a contract, and they agreed to extensions of the contract effective through June 30, 2015. The parties therefore agree that the contract applies to all charges which accrued in the month of April, 2015. The parties dispute whether the contract was extended beyond June 30, 2015. Norfolk contends that the contract was not extended, and that later demurrage charges accrued under the Tariff. Judge contends that the contract was extended, and that later demurrage charges accrued under the contract.

In opposition, Judge asserts the following defenses: 1) Norfolk has failed to prove that the Tariff applies to Judge; 2) the doctrine of equitable estoppel permits Judge to treat a lapsed contract as extended; 3) the disputed demurrage charges are unreasonable under the circumstances; and 4) Norfolk's summary statements are not business records and are inadmissible.

---

37140 (STB Apr. 9, 2004).
2 Norfolk states that, during this litigation, it worked with Judge to identify those demurrage charges that are specifically disputed by Judge. (Pl.'s Br. 6 n.2.) Norfolk has excluded that set of charges, totaling $10,400, from this motion, reducing the total charges from $227,500.00 to $217,100.00. (Pl.'s Br. 1 n.1.) Norfolk states that, if this motion is granted, it will withdraw its

2

As to Judge's first argument, that Norfolk has failed to prove that the Tariff applies to the charges accrued in July through October, Judge contends that the demurrage charges accrued at the Port Newark Servicing Yard, which is run by Conrail, not Norfolk, and which is not specifically listed in the Tariff. In reply, Norfolk agrees that the demurrage storage and final delivery were performed by Conrail at a Conrail yard. Norfolk contends, simply, that Conrail operated as Norfolk's agent, and that Conrail is wholly owned by CSX (another major railway company) and Norfolk. Norfolk documents this by pointing to the Surface Transportation Board approval for the acquisition, <u>CSX Corp. & CSX Transportation, Inc. et al.</u>, 3 S.T.B. 196, *17 (1998), which documents the acquisition and states: "all transportation services performed by [Conrail] will be performed as agent or subcontractor of [CSX] or [Norfolk]." The Tariff applies to charges that arose from services provided by Norfolk's agent, Conrail. Judge has not shown any reason why Norfolk's use of an agent should allow Judge to avoid liability.

Next, Judge argues that a contract, not the Tariff, applies to the charges from July, September, and October of 2015. Judge does not dispute that the parties expressly agreed to a contract extension which ended on June 30, 2015. Judge argues that the doctrine of equitable estoppel can be invoked here to extend the expired contract. Judge cites the New Jersey Supreme Court's statement of the doctrine of equitable estoppel in <u>Miller v. Miller</u>, 97 N.J. 154, 163 (1984):

> To establish a claim of equitable estoppel, the claiming party must show that the alleged conduct was done, or representation was made, intentionally or under such circumstances that it was both natural and probable that it would induce action. Further, the conduct must be relied on, and the relying party must act so as to change his or her position to his or her detriment.

---

claims for the set of charges totaling $10,400. (<u>Id.</u>)

Judge's theory, in short, is that the parties had a history of extending the contract and that this entitles Judge to claim equitable estoppel. The problem is that Judge has not pointed to anything that supports application of the doctrine here: Judge has not pointed to any evidence that supports the inference that Norfolk engaged in conduct that induced reliance by Judge. Judge's brief states that this doctrine applies to situations in which the conduct of one party "reasonably misleads another so that repudiation of that conduct would be unjust." (Def.'s Opp. Br. 15.) Judge has offered no evidence that Norfolk misled it. Equitable estoppel has no application here.[3] In short, the fact that Plaintiff previously had extended the contract with retroactive effect does not provide any basis for Defendant to claim that it was justified in believing that Plaintiff would do so indefinitely.

In the alternative, Judge contends that the parties' history created an implied-in-fact contract. Judge's brief states: "An implied contract is in legal effect an express contract, distinguished only insofar as the agreement and assent are manifested by conduct, not words." (Def.'s Opp. Br. 18.) Judge has not pointed to any evidence that supports the inference that Norfolk engaged in conduct that manifested an agreement to extend the expired contract.

Next, Judge argues that the demurrage charges are unreasonable under the circumstances, on three grounds: 1) the calculations are inconsistent with the terms of the Tariff; 2) it is unreasonable to charge demurrage on weekends; and 3) Norfolk has failed to account for the ripple effect of its errors. The parties do not dispute that, pursuant to 49 U.S.C. § 10702, a rail carrier must establish reasonable rates and rules.

---

3 Because the Court finds no basis to apply the doctrine of equitable estoppel, it need not reach Norfolk's arguments regarding waiver and that state law equitable defenses cannot serve as a defense to charges assessed under a federal tariff.

4

Judge first contends that the disputed charges are unreasonable because the delays involved are not Judge's fault, as required by the express language of the Tariff. Judge points to the definition of "constructive placement" in the Tariff:

> When a car cannot be actually placed because of any condition attributable to the Consignor or Consignee, such car will be held at an available hold point and notice will be given the Consignor or Consignee that the car is held awaiting instructions.

Judge argues that the demurrage charges are unreasonable because Norfolk has not demonstrated that the rail cars were ready for actual placement but could not be placed because of a condition attributable to Judge.

This argument fails for a number of reasons, the first being that it is insufficient to defeat the motion for summary judgment under well-established law. A nonmovant who does not bear the burden of proof at trial on an issue has essentially two ways to defeat a motion for summary judgment: 1) point to evidence that raises a genuine issue of material fact; or 2) persuade that the movant is not entitled to judgment as a matter of law. See Federal Rule of Civil Procedure 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.") Judge here has done neither.

Norfolk's motion for summary judgment is quite straightforward: Norfolk seeks a judgment for a group of unpaid bills for services rendered. Norfolk, as the moving party, has pointed to evidence that Judge accrued demurrage charges under the contract and under the Tariff on specific dates. In support, Norfolk has pointed to invoices created for litigation, supported by underlying business records. Norfolk thus alleged specific facts which, it argues, entitle it to judgment as a matter of law.

5

To defeat such a motion for summary judgment, Judge might, among other things: 1) cite evidence of record that shows factual disputes about the amounts of the bills; or 2) argue, on some other basis, that Norfolk is not entitled to judgment as a matter of law. Judge's argument that the charges are unreasonable based on fault does neither. Judge's opposition brief fails to point to evidence from which a jury could reasonably conclude that the bills are incorrect because the charges are incorrectly calculated. Judge has offered no analysis of the details of the charges at issue. At a minimum, to raise a material factual dispute, Judge would need to point to evidence that supports the inference that at least one demurrage charge was incorrectly calculated. Instead, Judge has offered only the abstract speculation that a secret rule has impacted the calculation – but without any supporting analysis to explain exactly how the alleged secret rule caused specific errors in the computation of the specific charges that Norfolk seeks judgment on. Nor does Judge's secret rule argument effectively counter Norfolk's claim that it is entitled to judgment as a matter of law.

Judge here argues that Norfolk has failed to prove compliance with an element of the Tariff (causation by condition attributable to Judge). The problem here is that Judge's argument relies on the affirmative defense that some or all of the charges were incorrectly calculated under the express terms of the Tariff. Judge, not Norfolk, bears the burden of proof of Judge's affirmative defenses. Judge possibly might have successfully raised a material factual dispute by pointing to evidence to support its affirmative defense, such as evidence that a specific demurrage charge accrued at a time that its facility was ready for actual placement of the car. This might have defeated the motion for summary judgment by showing the existence of a factual dispute that precluded the entry of judgment as a matter of law. Judge, however, has not

6

pointed to any evidence that supports its affirmative defense and raises a factual dispute. Rule 56 states:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Judge has not pointed to materials in the record that support the inference that Norfolk has imposed a specific demurrage charge at a time when Judge's facility was ready for actual placement of a car. Norfolk does not bear the burden of either raising or disproving Judge's affirmative defenses.

Judge also points to exhibit 11 and makes the puzzling assertion that it has "analysed the difference between the constructive placement date used by NS versus if constructive placement began when Conrail notified it the cars were available." (Def.'s Opp. Br. 23.) Exhibit 11 contains 96 pages of spreadsheets lacking any annotation or explanation. Because Judge has offered no explanation of exhibit 11, and it is unclear what it is or what it shows, the Court does not find that exhibit 11 shows how the specific charges at issue have been computed incorrectly.

Judge contends that the record contains an admission by a representative of Norfolk that Norfolk applied a "secret rule" that constructive placement began 10 hours after a car arrived at the Oak Island yard. As Norfolk points out, even if this assertion is credited as true, it suggests only that Norfolk's customary practice was to give Judge a short grace period. This raises no factual disputes about whether specific charges were imposed in accord with the requirements of

the Tariff.[4] Even if the Court credited the allegation of a practice of giving Judge a grace period before starting the running of the demurrage clock, this fails to raise a factual dispute about the circumstances of any particular charge. As the Supreme Court has stated:

> Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Judge next argues that the demurrage charges include charges for weekend days, but Norfolk did not provide service on weekend days, and so the charges are unreasonable. At this juncture, this is another abstract and speculative issue. Judge has made no demonstration that this issue has any connection to the specific charges at issue, much less a material connection. This Court does not decide questions lacking demonstrated relevance to the matters in issue.

The same is true for Judge's third argument about the "ripple effect," another abstract and speculative matter. Absent some demonstration that the specific charges at issue are incorrect, vague speculations about ripple effects do not defeat the motion for summary judgment.

Lastly, Judge argues that Norfolk's invoices are summary documents prepared for litigation, not original business records, and so Norfolk has failed to support its claim with admissible evidence. The parties do not dispute that the documentation of the demurrage charges that Norfolk submitted with the motion for summary judgment are summary documents prepared for litigation rather than original business records within the meaning of Federal Rule

---

4 In reply, Norfolk contends that Judge had issued a standing order that Norfolk should not actually place a car unless and until Judge issued placement instructions for that car. Because Judge failed to cite evidence of record which raised a genuine factual dispute over the

of Evidence 803(6). In reply, Norfolk points to the Frey reply declaration, which states that the summary documents are based on 4,327 pages of car movement records that were generated in the ordinary course of business, which were disclosed to Judge during discovery, and which can be submitted with this motion if the Court requires.

As Judge acknowledges, Federal Rule of Evidence 1006 states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Judge submitted no evidence, such as an affidavit of counsel, to support its assertion that the underlying business records were never disclosed in discovery. Judge has offered no evidence that demonstrates that Norfolk's summary documents are inadmissible under Rule 1006.

Judge also argues that Norfolk's summary documents are not trustworthy because, in the past, Judge has found errors in similar documents. That is irrelevant: what matters now is whether Judge can point to evidence that the specific charges at issue in the summary documents have been incorrectly computed. Judge has not done so. Past errors in other documents do not raise any factual disputes regarding the charges in the current documents of interest.

This Court concludes that Norfolk has shown both that there are no material factual disputes about its billing and that it is entitled to judgment on its invoices as a matter of law. Judge has failed to defeat Norfolk's motion for summary judgment, which will be granted. Judgment on the single claim in the Complaint shall be entered in Norfolk's favor in the amount

---

circumstances of any specific charge, the Court need not reach this issue.

of $217,100.00.

                                             s/ Stanley R. Chesler
                                             Stanley R. Chesler, U.S.D.J

Dated: March 27, 2019